IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SECIAL HEATH | § | |
| v. | § | CIVIL ACTION NO. 5:22cv63-RWS-JBB |
| SHERIFF LEE JEFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Secial Heath, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Sheriff Lee Jeff, David Davidison, and Warden Ronald Page.

Plaintiff has filed multiple lawsuits naming some of the same defendants. Sheriff Lee Jeff and Davidison are named as defendants in *Heath v. Jeff*, civil action no. 5:22cv57, and Davidison is also named as a defendant in *Heath v. Abbott*, civil action no. 2:22cv257 and *Heath v. Germbino*, civil action no. 2:23cv43.

Plaintiff has not contacted the Court since filing his lawsuit in May of 2022. As such, he has failed to prosecute his case. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Rule 41(b), F. R. Civ. P.; *see Wheatley v. Scott*, civil action no. 1:12cv317, 2018 WL 3371925 (E.D. Tex., June 15, 2018), *report adopted at* 2018 WL 3369422 (E.D. Tex., July 10, 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years); *Callier v. Cain*, civil action no. 3:11cv2144, 2012 WL 2602958 (W.D. La., June 6, 2012), *report adopted at* 2012 WL 2674595 (W.D. La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted

his *in forma pauperis* application on January 25, 2012, some four months ago"). The lawsuit may be dismissed on this basis.

However, Plaintiff's lawsuit suffers from a more significant flaw.  His statement of claim in the present case says that Sheriff Jeff is "holding me hostage, I'm a free man." This statement is repeated verbatim three times in the complaint. The claim against Ronald Page says "Tamekia Anderson is on the unit with Warden Page," but offers no indication of who Tamekia Anderson is, nor why it matters that Anderson is on the unit. The statement of claim against Davidison reads "he's still following me. He's also messing with my money." Dkt. No. 1, pp. 3-4.

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level.  *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

Plaintiff's allegations wholly fail to set out sufficient facts that, taken as true, state a claim for relief which is plausible on its face. He does not allege any violations of the Constitution or laws of the United States, and his complaint lacks factual allegations regarding any required elements for relief. Consequently, his lawsuit should be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted; in the interest of justice, however, this dismissal should be without prejudice.

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 12th day of December, 2023.

_____

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE